IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3057-D

IRA TEAGUE,  )
 )
          Plaintiff, )
 )
v. ) **ORDER**
 )
JOHN ASLETT, et al., )
 )
          Defendants. )

     Ira Teague, a state inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights [D.E. 1]. Teague initially sought leave to proceed in forma pauperis [D.E. 2], but on March 12, 2014, he paid the filing fee. On October 1, 2014, the court reviewed Teague's complaint pursuant to 28 U.S.C. § 1915A, dismissed Teague's claim against one defendant, and allowed his claim against defendant Aslett to proceed [D.E. 5].

     On January 22, 2015, defendant answered the complaint [D.E. 11] and moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [D.E. 9]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Teague about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 12]. On February 24, 2015, Teague responded in opposition to the motion to dismiss [D.E. 15]. On March 9, 2015, defendant replied [D.E. 16]. As explained below, the court denies defendant's motion.

     Teague alleges that he contracted fungal meningitis as a result of a tainted tube of steroid cream. Compl. [D.E. 1] 3–8. Teague alleges that as his condition worsened and he became extremely ill, he was twice transported to the medical department in a wheelchair. Id. 4–5. Teague further alleges that, each time upon his arrival at the medical department, defendant Aslett "scolded [Teague] . . . for not walking to the medical department on his own," and that after Teague's second

trip to the medical department, Aslett "placed [Teague] in seg[re]gation in a comatose[] state ... for two (2) days before staff called an ambulance." Id. Ultimately, Teague spent three and a half weeks in a coma in an outside hospital, where doctors informed Teague "that topical steroid base cream . . . was the source of the infection." Id. 5–6.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips, 572 F.3d at 180. Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

2

Deliberate indifference to a prisoner's serious medical needs violates the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prove such a claim, Teague "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). When a prisoner alleges that a prison official denied him medical care or did not provide such care in a timely manner, the prisoner must prove that the prison official knew of and disregarded an objectively serious condition, medical need, or risk of harm. See, e.g., Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). A prisoner, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle, 429 U.S. at 105–06.

The court has considered Aslett's motion to dismiss under the governing standard. Teague has adequately set forth his claim. The court has considered the cases Aslett cites and finds that they do not warrant dismissal of the action.

Alternatively, Aslett asserts that he is entitled to qualified immunity. Mem. Supp. Mot. Dismiss [D.E. 10] 8–9. The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Taylor v. Barkes, No. 14-939, 2015 WL 2464055, at *2 (U.S. June 1, 2015) (per curiam); City & Cnty. of San Francisco v. Sheehan, 135 S. Ct. 1765, 1774 (2015); Carroll v. Carman, 135 S. Ct. 348, 350 (2014) (per curiam); Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012). Qualified immunity protects

3

"all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986); see Taylor, 2015 WL 2464055, at *2; Sheehan, 135 S. Ct. at 1774; Carroll, 135 S. Ct. at 350; Stanton v. Sims, 134 S. Ct. 3, 4–5 (2013) (per curiam).

The court asks two questions to determine whether qualified immunity applies. See, e.g., Reichle, 132 S. Ct. at 2093; Pearson v. Callahan, 555 U.S. 223, 232 (2009); Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011); Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs., 597 F.3d 163, 169 (4th Cir. 2010); Unus v. Kane, 565 F.3d 103, 123 n.24 (4th Cir. 2009). Courts have discretion about which question to address first. Pearson, 555 U.S. at 236. The court must determine "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." Id. at 232. The court also must determine "whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. (quotation omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011) (alterations and quotations omitted). The United States Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Id.; see Reichle, 132 S. Ct. at 2093. Thus, defendants are entitled to summary judgment on qualified immunity grounds if the answer to either question is "no." See, e.g., Reichle, 132 S. Ct. at 2093; al-Kidd, 131 S. Ct. at 2080; Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007); Bostic v. Rodriguez, 667 F. Supp. 2d 591, 606 (E.D.N.C. 2009).

The record precludes a determination of qualified immunity at this time. On a more fully developed record, defendant may reassert this defense.

4

In sum, the court DENIES defendant's motion to dismiss [D.E. 9] and REFERS the action to Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order to include a brief period of discovery.

SO ORDERED. This 10 day of June 2015.

JAMES C. DEVER III
Chief United States District Judge

5